IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

2017 FEB 23  A 11: 00

*Brian K. Hart*
CLERK OF COURT

WARREN HOPKINS,                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )    Civil Action No.: _____
                                         )    STCV1700300
JOHN DOE 1, JOHN DOE 2, JOHN             )
DOE 3, JOHN DOE 4, and JOHN DOE 5,)
                                         )
            Defendants.                  )

---

## COMPLAINT

**COMES NOW**, Plaintiff, Warren Hopkins, and files this, his Complaint for damages against the above-captioned John Doe Defendants, showing this Honorable Court as follows:

### Parties, Jurisdiction and Venue

1.      Plaintiff is a citizen and resident of Chatham County, Georgia.

2.      Upon information and belief, Defendants are unknown individuals who reside in Georgia.  Once the identities and whereabouts of Defendants are established, said Defendants will be served with a copy of the summons and complaint as provided by law.

3.      This action is based upon tortious acts and/or omissions occurring within the confines of Chatham County, Georgia.

4.      Jurisdiction and venue are proper in this Honorable Court.

### Factual Allegations

5.      On or about January 24, 2017, Plaintiff Warren Hopkins was a pipefitter working for MacAljon, Inc.

6.      On that date, Plaintiff was working with a crew who was performing maintenance work at a pulp mill located in Port Wentworth, Georgia.

7.      Plaintiff and his crew were working in an area of the mill where cranes were also performing work.

8.      Prior to a crane operator moving a load overhead Plaintiff or his crew, Plaintiff was be notified via radio so that he and his crew could vacate the area or take appropriate shelter to avoid the danger posed by falling objects.

9.      In the course of performing his work, Plaintiff was injured when he was struck in the head and throat by a falling steel bar (hereinafter "rebar").

10.     The rebar was dropped by an unknown individual performing work above Plaintiff.

11.     Prior to being struck, Plaintiff was not notified that a crane would be operating overhead his position with a load.

12.     John Doe 1 is the unknown individual who was operating the crane that moved the load over Plaintiff's position without notice to Plaintiff and his crew working below.

13.     John Doe 2 is the unknown individual who failed to radio Plaintiff and notify him that a load was to be moved overhead his position via crane.

14.     John Doe 3 is the unknown individual who improperly or negligently secured the load that was moved overhead Plaintiff's position and caused the rebar to fall from the load.

15.     John Doe 4 is the unknown individual who interacted with the load overhead Plaintiff and caused the rebar to fall from the load.

16.     John Doe 5 is the unknown supervisor or other individual who was in charge of safety during the maintenance work that was performed at the pulp mill on January 24, 2017.

17.     As a direct and proximate result of the tortious acts and/or omissions of the unknown Defendants, Plaintiff was severely injured, entitling Plaintiff to damages.

**Causes of Action**

*Count I – Negligence*

18.     Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained in paragraphs 1 through 17 as if fully contained herein.

19.     Defendants had a duty to act in a reasonable and prudent manner while performing work at the pulp mill.

20.     Defendants breached that duty and were, at a minimum, negligent in the following respects:

    (A)     In moving a load via crane overhead Plaintiff and his crew;

    (B)     In failing to provide Plaintiff or his crew with notice that a load was to be moved overhead via crane;

    (C)     In failing to properly or safely secure the load prior to moving it via crane;

    (D)     In improperly or negligently transporting the load via crane and causing the rebar to fall from the load;

    (E)     In improperly or negligently interacting with the load and causing the rebar to fall from the load;

    (F)     In failing to ensure that proper safety procedures were in place and/or were followed concerning crane operation and load transport;

    (G)     In failing to exercise that degree of care that a reasonably prudent person would have exercised under the same or similar circumstances; and

    (H)     Being otherwise negligent, reckless, or wanton as will be revealed through discovery.

21.     As a direct and proximate result of Defendants' negligence, Plaintiff was severely injured, entitling Plaintiff to damages.

3

**Damages**

22.     Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained in paragraphs 1 through 21 as if fully contained herein.

23.     As the proximate result of the actions and/or omissions of Defendants, Plaintiff suffered injuries and damages which include, but are not limited to, closed head injury, concussion, neck laceration, severe physical pain, scarring and disfigurement, permanent impairment, mental anguish, psychological trauma, and loss of enjoyment of life.

24.     As the proximate result of the actions and/or omissions of Defendants, Plaintiff was forced to drop his affairs to attend to his injuries and has suffered damages which include, but are not limited to, past and future medical expenses, loss of wages, and past and future physical and mental pain and suffering.

**Prayer For Relief**

**WHEREFORE**, Plaintiff prays for the following relief:

(A)     That summons and process issue and be served upon Defendant;

(B)     For a trial by a jury comprised of twelve (12) persons;

(C)     That Plaintiff be awarded an appropriate sum to compensate him for his damages; and

(D)     For such other and further relief as this Court may deem just and proper.

This 23rd day of February, 2017.

Jeremy S. McKenzie
Georgia Bar No. 436655
Nicholas S. Evans
Georgia Bar No. 717367
*Attorneys for Plaintiff*

4

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977 Telephone
(912) 388-2503 Facsimile
jeremy@kmtrial.com
nick@kmtrial.com

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WARREN HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE 1, JOHN DOE 2, JOHN | ) |
| DOE 3, JOHN DOE 4, and JOHN DOE 5,) | |
| | ) |
| Defendants. | ) |

Civil Action No.: _____

STCV1700300

*RECEIVED FOR FILING STATE COURT CLERK CHATHAM CO. GA.*
*2017 FEB 23 A 11: 00*
*Brian K. Hart*
*CLERK OF COURT*

### CERTIFICATION PURSUANT TO RULE 3.2

Pursuant to Rules 3.2 and 3.4 of the Uniform State Court Rules and of Georgia, I hereby certify that no case has heretofore been filed in the State Court of Chatham County involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

This 23rd day of February, 2017.

Jeremy S. McKenzie
Georgia Bar No. 436655
Nicholas S. Evans
Georgia Bar No. 717367
*Attorneys for Plaintiff*

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977 Telephone
(912) 388-2503 Facsimile
jeremy@kmtrial.com
nick@kmtrial.com

# General Civil Case Filing Information Form (Non-Domestic)

**Court**
☐ Superior
☑ State

**County** CHATHAM

**Docket #** STCV1700300

**Date Filed** 02/23/2017
MM-DD-YYYY

### Plaintiff(s)

Hopkins, Warren

| Last | First | Middle I. | Suffix | Prefix | Maiden |

| Last | First | Middle I. | Suffix | Prefix | Maiden |

| Last | First | Middle I. | Suffix | Prefix | Maiden |

| Last | First | Middle I. | Suffix | Prefix | Maiden |

**No. of Plaintiffs** 1

### Defendant(s)

Doe 1, John

| Last | First | Middle I. | Suffix | Prefix | Maiden |

Doe 2, John

| Last | First | Middle I. | Suffix | Prefix | Maiden |

Doe 3, John

| Last | First | Middle I. | Suffix | Prefix | Maiden |

Doe 4, John

| Last | First | Middle I. | Suffix | Prefix | Maiden |

Doe 5, John

**No. of Defendants** 5

**Plaintiff/Petitioner's Attorney**        ☐ Pro Se

McKenzie    Jeremy    S.

| Last | First | Middle I. | Suffix |

**Bar #** 436655

## Check Primary Type (Check only ONE)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify_____

_____

## If Tort is Case Type:
### (Check no more than TWO)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☑ Other Specify General Negligence

_____

**Are Punitive Damages Pleaded?** ☐ Yes  ☑ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

IN THE STATE COURT OF CHATHAM COUNTY STATE OF GEORGIA

WARREN HOPKINS,                        )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        CIVIL ACTION NO: STCV1700300
                                       )
JOHN DOE 1, JOHN DOE 2,                )
JOHN DOE 3, JOHN DOE 4,                )
and JOHN DOE 5                         )
                                       )
        Defendants.                    )

## CERTIFICATE PURSUANT TO UNIFORM STATE COURT RULE 5.2

COMES NOW, Weyerhaeuser NR Company, and by and through its undersigned counsel,

hereby certifies that it has this day served a copy of Weyerhaeuser NR Company's Supplemental

Response to Plaintiff's Subpoena to Produce Documents via hand delivery to:

        Jeremy S. McKenzie, Esq.
        KARSMAN, MCKENZIE, & HART
        21 West Avenue
        Savannah, Georgia   31401

This 15th day of May, 2017.

                        BOUHAN FALLIGANT LLP

                By:     _____
                        TODD M. BAIAD
                        Georgia Bar No. 031605
                        *Attorney for Weyerhaeuser NR Company*

Post Office Box 2139
Savannah, Georgia 31402-2139
P:  (912) 232-7000
F:  (912) 233-0811
tmbaiad@bouhan.com

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

2016 APR 28 P 12 53

| | | |
|---|---|---|
| WARREN HOPKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No.: STCV1700300 |
| v. | ) | |
| | ) | |
| JOHN DOE 1, JOHN DOE 2, JOHN | ) | |
| DOE 3, JOHN DOE 4, and JOHN DOE 5, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE OF DISCOVERY PURSUANT TO
## UNIFORM STATE COURT RULE 5.2

COMES NOW Non-Party WEYERHAUSER NR COMPANY, and files this

Certificate Pursuant to Uniform State Court Rule 5.2, showing the Court that

they have this day served a true and correct copy of <u>Non-Party Weyerhauser NR</u>

<u>Company's Response to Plaintiff, Warren Hopkins' Subpeona to Produce</u>

Documents upon Jeremy S. McKenzie or Karsman, McKenzie & Hart, 21 West

Park Avenue, Savannah, Georgia, 31401 by hand-delivery.

THIS 28th DAY OF APRIL, 2016.

BOUHAN FALLIGANT LLP

TODD M. BAIAD
Georgia Bar No. 031605
*Attorney for Weyerhauser NR Company*

Post Office Box 2139
Savannah, Georgia 31402
T: (912) 232-7000
F: (912) 233-0811
tmbaiad@bouhan.com

## CERTIFICATE OF SERVICE

I, TODD M. BAIAD, do hereby certify that I have this day served a true and correct copy of the foregoing on the following counsel of record by hand-delivery as follows:

Jeremy S. McKenzie, Esq.
Karsman, McKenzie & Hart
21 West Park Avenue
Savannah, GA 31401

THIS 28th DAY OF APRIL, 2017.

BOUHAN FALLIGANT LLP

TODD M. BAIAD
Georgia Bar No. 031605
*Attorney for Weyerhauser NR Company*

Post Office Box 2139
Savannah, Georgia 31402
T: (912) 232-7000
F: (912) 233-0811
tmbaiad@bouhan.com

2

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

2017 JUN 19 P 12: 40

*Brian K. Hart*
CLERK OF COURT

| | |
|---|---|
| WARREN HOPKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN DOE 1, JOHN DOE 2, JOHN | ) |
| DOE 3, JOHN DOE 4, and JOHN DOE 5,) | |
| | ) |
| Defendants. | ) |

Civil Action No.: STCV1700300

## SUBPOENA DUCES TECUM

TO:    Turner Industries Group, LLC
       c/o C T Corporation System, Registered Agent
       289 S Culver St
       Gwinnett, Georgia 30046-4805

YOU ARE HEREBY COMMANDED pursuant to O.C.G.A. § 9-11-45 to appear and

testify at the law office of Karsman, McKenzie & Hart, 21 West Park Avenue, Savannah,

Georgia 31401, at **9:00 a.m.** on **July 17, 2017** and to produce for inspection and/or copying on

or before July 17, 2017, any and all documents, records, or other tangible things which are in

your possession or under your control related to the following:

1. Any and all documents generated as a result of any investigation of the subject incident
   whereby Plaintiff was injured while on site at the Weyerhaeuser plant located in Port
   Wentworth, Georgia on January 24, 2017 or into the circumstances which led to the
   injuries sustained by Plaintiff in the subject incident.

2. Any and all documentation depicting or regarding any individuals employed by you who
   were on site on the day of the subject incident, along with contact information, including
   residence address and telephone number.

3.  Any and all notices which you have provided to any insurance company regarding the subject incident or any correspondence you have received from any insurance companies in relation to the subject incident.

4.  Any and all statements, either written or recorded, that you have taken, or have been taken on your behalf, regarding the subject incident.

**In lieu of appearance, you may deliver said documents to the law office of Karsman, McKenzie & Hart at the address provided above within twenty (20) days.**

This Subpoena is issued at the request of Jeremy S. McKenzie, attorney for the Plaintiff, with the firm of Karsman, McKenzie & Hart, 21 West Park Avenue, Savannah, Georgia, 31401.

**HEREIN FAIL NOT UNDER PENALTY OF THE LAW.**

This _19th_ day of June, 2017.

_____
Deputy Clerk of State Court
Chatham County, Georgia

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977 Telephone
(912) 388-2503 Facsimile
jeremy@kmtrial.com
nick@kmtrial.com

**IN THE STATE COURT OF CHATHAM COUNTY**
**STATE OF GEORGIA**

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

WARREN HOPKINS,                      )

            Plaintiff,               )

v.                                   )

JOHN DOE 1, JOHN DOE 2, JOHN         )
DOE 3, JOHN DOE 4, and JOHN DOE 5,   )
            Defendants.              )

2017 JUN 19 P 12: 40

*Brian K. Hart*
CLERK OF COURT

**Civil Action No.: STCV1700300**

## SUBPOENA DUCES TECUM

TO:   Turner Industries Group, LLC
       c/o C T Corporation System, Registered Agent
       289 S Culver St
       Gwinnett, Georgia 30046-4805

YOU ARE HEREBY COMMANDED pursuant to O.C.G.A. § 9-11-45 to appear and testify at the law office of Karsman, McKenzie & Hart, 21 West Park Avenue, Savannah, Georgia 31401, at **9:00 a.m.** on **July 17, 2017** and to produce for inspection and/or copying on or before July 17, 2017, any and all documents, records, or other tangible things which are in your possession or under your control related to the following:

1. Any and all documents generated as a result of any investigation of the subject incident whereby Plaintiff was injured while on site at the Weyerhaeuser plant located in Port Wentworth, Georgia on January 24, 2017 or into the circumstances which led to the injuries sustained by Plaintiff in the subject incident.

2. Any and all documentation depicting or regarding any individuals employed by you who were on site on the day of the subject incident, along with contact information, including residence address and telephone number.

3. Any and all notices which you have provided to any insurance company regarding the subject incident or any correspondence you have received from any insurance companies in relation to the subject incident.

4. Any and all statements, either written or recorded, that you have taken, or have been taken on your behalf, regarding the subject incident.

**In lieu of appearance, you may deliver said documents to the law office of Karsman, McKenzie & Hart at the address provided above within twenty (20) days.**

This Subpoena is issued at the request of Jeremy S. McKenzie, attorney for the Plaintiff, with the firm of Karsman, McKenzie & Hart, 21 West Park Avenue, Savannah, Georgia, 31401.

**HEREIN FAIL NOT UNDER PENALTY OF THE LAW.**

This 19th day of June, 2017.

Deputy Clerk of State Court
Chatham County, Georgia

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977 Telephone
(912) 388-2503 Facsimile
jeremy@kmtrial.com
nick@kmtrial.com

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

2017 OCT 19 P 2: 06

Brian K. Hart
CLERK OF COURT

WARREN HOPKINS,                     )
                                    )
            Plaintiff,              )
                                    )
v.                                  )      Civil Action No.: STCV1700310
                                    )
JOHN DOE 1, JOHN DOE 2, JOHN        )
DOE 3, JOHN DOE 4, and JOHN DOE 5,) 
                                    )
            Defendants.             )

## MOTION TO SUBSTITUTE PARTY DEFENDANTS

COMES NOW, Warren Hopkins, Plaintiff in the above-styled action, and moves this Court, pursuant to O.C.G.A. § 9-11-10(a), to substitute Weyerhaeuser NR Company and Turner Industries Group, LLC, as a party Defendants in the above-styled action, showing this Honorable Court as follows:

1.      Pursuant to O.C.G.A. § 9-11-10(a):

In the complaint the title of the action shall include the names of all the parties...A party whose name is not known may be designated by any name, and, when his true name is discovered, the pleading may be amended accordingly

O.C.G.A. § 9-11-10(a) (2017).

2.      Furthermore, pursuant to O.C.G.A. § 9-11-21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." O.C.G.A. § 9-11-21 (2017).

3.      This action was initiated against a series of "John Doe" defendants based upon the information available to Plaintiff at the time of filing. Since that time, Plaintiff has discovered the real identities of at least two Defendants who are, or may be, liable to Plaintiff for the injuries and damages he has sustained.

4.      WHEREFORE, Plaintiff prays that an Order issue substituting Weyerhaeuser NR Company and Turner Industries Group, LLC, as party Defendants in the above-styled action and Plaintiff be allowed to file an Amended and Recast Complaint within one week of the granting of this motion.

Respectfully submitted this _19th_ day of October, 2017.

Jeremy S. McKenzie
Georgia Bar No. 436655
Nicholas S. Evans
Georgia Bar No. 717367

KARSMAN, McKENZIE & HART
21 W. Park Avenue
Savannah, Georgia 31401
(912) 335-4977 telephone
(912) 388-2503 facsimile

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| WARREN HOPKINS, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No.: STCV1700310 |
| | ) | |
| JOHN DOE 1, JOHN DOE 2, JOHN | ) | |
| DOE 3, JOHN DOE 4, and JOHN DOE 5,) | | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Substitute Party Defendants. Having read and considered Plaintiff's motion, for good cause shown, Plaintiff's motion is hereby GRANTED. Plaintiff shall file an amended Complaint substituting Weyerhaeuser NR Company and Turner Industries Group, LLC as party Defendants within seven (7) days of the date of this Order.

SO ORDERED, this _____ day of _____, 2017.

_____
Honorable Gregory V. Sapp
Judge, State Court of Chatham County, Georgia

*Order prepared by:*
*Nicholas S. Evans*
*Georgia Bar No. 717367*
*Karsman, McKenzie & Hart*
*21 West Park Avenue*
*Savannah, Georgia 31401*
*(912) 335-4977*

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| WARREN HOPKINS, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil Action No.: STCV1700310 |
| | ) |
| JOHN DOE 1, JOHN DOE 2, JOHN | ) |
| DOE 3, JOHN DOE 4, and JOHN DOE 5,) | |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Plaintiff's Motion to Substitute Party Defendants. Having read and

considered Plaintiff's motion, for good cause shown, Plaintiff's motion is hereby GRANTED.

Plaintiff shall file an amended Complaint substituting Weyerhaeuser NR Company and Turner

Industries Group, LLC as party Defendants within seven (7) days of the date of this Order.

SO ORDERED, this **7** day of **November**, 2017.

_____

Honorable Gregory V. Sapp
Judge, State Court of Chatham County, Georgia

*Order prepared by:*
*Nicholas S. Evans*
*Georgia Bar No. 717367*
*Karsman, McKenzie & Hart*
*21 West Park Avenue*
*Savannah, Georgia 31401*
*(912) 335-4977*

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

2017 NOV 20 P 1:04

_____ K. _____
CLERK OF COURT

WARREN HOPKINS,  )
                 )
        Plaintiff,  )
                 )
v.               )          Civil Action No.: STCV1700300
                 )
WEYERHAEUSER NR COMPANY and )
TURNER INDUSTRIES GROUP, LLC, )
                 )
        Defendants.  )

## SUMMONS

**To the above-named Defendant:**      Weyerhaeuser NR Company
c/o Corporation Service Company, Registered Agent
40 Technology Parkway South
Suite 300
Norcross, GA 30092

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon Plaintiff's attorney:

Jeremy S. McKenzie
**KARSMAN, McKENZIE & HART**
**21 West Park Avenue**
**Savannah, Georgia 31401**

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This ___20th___ day of ___Nov_____, 2017.

_____
~~CLERK~~ DEPUTY CLERK

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

2017 NOV 20  P 1:04

_____ _. _____
CLERK OF COURT

WARREN HOPKINS,                )
                              )
          Plaintiff,          )
                              )
v.                            )        Civil Action No.: STCV1700300
                              )
WEYERHAEUSER NR COMPANY and   )
TURNER INDUSTRIES GROUP, LLC, )
                              )
          Defendants.         )

---

## SUMMONS

**To the above-named Defendant:**      Turner Industries Group, LLC
                                       c/o C T Corporation System, Registered Agent
                                       289 S. Culver Street
                                       Lawrenceville, GA 30046

      **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon Plaintiff's attorney:

**Jeremy S. McKenzie**
**KARSMAN, McKENZIE & HART**
**21 West Park Avenue**
**Savannah, Georgia 31401**

an Answer to the Complaint which is herewith served upon you, within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

This 20th day of Nov_____, 2017.

_____
~~CLERK~~/DEPUTY CLERK

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA.

2017 NOV 20  P 1:04

[signature]
CLERK OF COURT

WARREN HOPKINS,                     )
                                    )
                Plaintiff,          )
                                    )
v.                                  )        Civil Action No.: STCV1700300
                                    )
WEYERHAEUSER NR COMPANY and )
TURNER INDUSTRIES GROUP, LLC, )
                                    )
                Defendants.         )

---

## FIRST AMENDED AND RECAST COMPLAINT

COMES NOW, Plaintiff, Warren Hopkins, and files this, his First Amended and Recast Complaint for damages against the above-captioned Defendants, showing this Honorable Court as follows:

### Parties, Jurisdiction and Venue

1.      Plaintiff Warren Hopkins is a citizen and resident of Chatham County, Georgia.

2.      Defendant Weyerhaeuser NR Company (hereinafter "Defendant Weyerhaeuser") is an entity organized and existing under the laws of the State of Washington with its principal place of business located at 220 Occidental Avenue S., Seattle, WA 98104.   Defendant Weyerhaeuser maintains an office at 1 Bonnybridge Road, Port Wentworth, GA 31407 and transacts business in Chatham County, Georgia.   Defendant Weyerhaeuser can be served with process through its registered agent, Corporation Service Company, located at 40 Technology Parkway South, Suite 300, Norcross, GA 30092.

3.      Defendant Turner Industries Group, LLC (hereinafter "Defendant Turner") is an entity organized and existing under the laws of the State of Louisiana with its principal place of business located at 8687 United Plaza Boulevard, Baton Rouge, LA 70809.   Defendant Turner

can be served with process through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, GA 30046.

3.     This action is based upon tortious acts and/or omissions occurring within the confines of Chatham County, Georgia.

4.     Jurisdiction and venue are proper in this Honorable Court.

### Factual Allegations

5.     On or about January 24, 2017, Plaintiff Warren Hopkins was a pipefitter working for MacAljon, Inc. (hereinafter "MacAljon").

6.     On that date, Plaintiff was working with a crew who was performing maintenance work at a pulp mill owned and operated by Defendant Weyerhaeuser located in Port Wentworth, Georgia (hereinafter the "Mill").

7.     At all times relevant hereto, Plaintiff was acting within the course and scope of his employment for MacAljon as an independent contractor performing work at the Mill.

8.     On or about January 24, 2017, Defendant Turner was also performing work at the Mill, rigging loads and making lifts with a crane.

9.     Plaintiff and his crew were working in an area of the Mill where Defendant Turner was also performing work.

10.     Prior to moving any load with the potential to pass overhead Plaintiff or his crew, Defendant Turner was to notify Plaintiff via radio so that he and his crew could vacate the area and take appropriate shelter to avoid the danger posed by falling objects.

11.     In the course of performing his work, Plaintiff was injured when he was struck in the head and throat by a falling steel rod.

2

12. The steel rod was dislodged and fell when workers employed by Defendant Turner attempted to move a soot blower located several floors above Plaintiff without warning.

13. Immediately prior to and at the time of this incident, the steel rod was not properly secured and was left in a location where it could fall.

14. The steel rod should have been removed from the area prior to any work being performed.

15. Prior to being struck by the falling rod, Plaintiff was not notified that a crane would be operating overhead his position with a load.

16. As a direct and proximate result of the tortious acts and/or omissions of Defendants, Plaintiff was severely injured, entitling Plaintiff to damages.

## Causes of Action

### Count I – Negligence

17. Plaintiff re-alleges and incorporates by reference each and every allegation of fact contained in paragraphs 1 through 16 as if fully contained herein.

18. Defendants had a duty to act in a reasonable and prudent manner while coordinating and/or performing work at the Mill.

19. Defendants breached that duty and were, at a minimum, negligent in the following respects:

   (A)   In moving a load via crane overhead Plaintiff and his crew;

   (B)   In failing to provide Plaintiff or his crew with notice that a load was to be moved overhead their position via crane;

   (C)   In failing to properly or safely secure the load prior to moving it via crane;

   (D)   In improperly or negligently transporting the load via crane and causing a steel rod to become dislodged and fall;

3

(E)     In improperly or negligently interacting with the load and causing a steel
        rod to become dislodged and fall;

(F)     In failing to properly or safely secure the subject steel rod prior to
        beginning work in the area and placing it in a location where it could fall;

(G)     In failing to remove the steel rod from the area prior to any work being
        performed;

(H)     In failing to ensure that proper safety procedures were in place and/or
        were followed concerning crane operation and load transport in the area
        where Plaintiff and his crew were performing work;

(I)     In failing to exercise that degree of care that a reasonably prudent person
        would have exercised under the same or similar circumstances; and

(J)     Being otherwise negligent, reckless, or wanton as will be revealed through
        discovery.

20.     As a direct and proximate result of Defendants' negligence, Plaintiff was severely
injured, entitling Plaintiff to damages.

## Damages

21.     Plaintiff re-alleges and incorporates by reference each and every allegation of fact
contained in paragraphs 1 through 20 as if fully contained herein.

22.     As the proximate result of the actions and/or omissions of Defendants, Plaintiff
suffered injuries and damages which include, but are not limited to, closed head injury,
concussion, neck laceration, severe physical pain, scarring and disfigurement, permanent
impairment, mental anguish, psychological trauma, and loss of enjoyment of life.

23.     As the proximate result of the actions and/or omissions of Defendants, Plaintiff
was forced to drop his affairs to attend to his injuries and has suffered damages which include,
but are not limited to, past and future medical expenses, loss of wages, and past and future
physical and mental pain and suffering.

4

## Prayer For Relief

**WHEREFORE**, Plaintiff prays for the following relief:

(A)    That summons and process issue and be served upon Defendants;

(B)    For a trial by a jury comprised of twelve (12) persons;

(C)    That Plaintiff be awarded an appropriate sum to compensate him for his damages; and

(D)    For such other and further relief as this Court may deem just and proper.

This 20th day of November, 2017.

> Jeremy S. McKenzie
> Georgia Bar No. 436655
> Nicholas S. Evans
> Georgia Bar No. 717367
> *Attorneys for Plaintiff*

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977 Telephone
(912) 388-2503 Facsimile

5

THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

**SHERIFF'S ENTRY OF SERVICE**

Record ID 75800

Warren Hopkins )

Case Number STCV17003D )

Cause of Action _____

RECEIVED FOR FILING
STATE COURT CLERK
CHATHAM CO. GA
2017 DEC -5 P 12: 21
Marian H. Start
CLERK OF COURT

_____ Plaintiff

vs.

Weyerhaeuser NR Company and
Turner Industries Group, LLx.

_____ Defendant

_____ Garnishee

Karsman McKenzie + tart
21 W. Park Avenue
Savannah, GA 31401
(Plaintiff or Plaintiff's Attorney)

NOTICE OF SERVICE ON: Turner Industries Group, LLC
c/o C T Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, GA 30046
(Name and Address of Person Served)

**PERSONAL**
I have this day served the Defendant _____ personally with
a true copy of the within petition and summons.
This _____ day of _____ 20 ____. _____, Deputy Sheriff

**RESIDENTIAL**
I have this day served the Defendant _____ with a true copy
of the within petition and summons by serving same upon
a person Sui Juris residing on the premises.
This _____ day of _____ 20 ____. _____, Deputy Sheriff

**CORPORATE**
I have this day served the Defendant Weyerhaeuser NR Company, a corporation,
with a true copy of the within petition and summons by handing the same in person to
Linda Banks, an officer of said corporation.
This 27 day of NOV 20 17. Culberson SC349, Deputy Sheriff

**TACKED AND MAILED**
I have this day executed the within Affidavit and Summons by tacking a copy of the within process on
the door of the premises designated in said action and also by depositing a true copy thereof in the United
States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed.
This _____ day of _____ 20 ____. _____, Deputy Sheriff

**GARNISHEE**
I have this day at the hour of _____ served the Summons of Garnishment upon
_____ by handing the original of same to
in person, he/she being _____ and agent in charge of _____
at the time of service in Chatham County.
This _____ day of _____ 20 ____. _____, Deputy Sheriff

**MAILED**
This is to certify that I have this day served the Defendant
with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail,
in an envelope properly addressed to Defendant at his last known address as shown in said Affidavit,
with adequate postage affixed thereon.
This _____ day of _____ 20 ____. _____, Deputy Sheriff

**DILIGENT SEARCH**
Diligent search made and Defendant is not to be found in the jurisdiction of this
court _____
This _____ day of _____ 20 ____. _____, Deputy Sheriff

THE SUPERIOR COURT OF CHATHAM COUNTY
STATE OF GEORGIA

**SHERIFF'S ENTRY OF SERVICE**

Warren Hopkins

Case Number: STCV17003560   Record ID 75801

Cause of Action

_____

Plaintiff(s)

vs.

Weyerhaeuser NR Company and
Turner Industries Group, LLC

Defendant(s)

_____

Garnishee

Ranitta McKenzie + Hart
2012 Park Avenue
Savannah GA 31401
(Plaintiff or Plaintiff's Attorney)

CLERK OF COURT

NOTICE OF SERVICE ON: Weyerhaeuser NR Company
c/o Corporation Service Company, Registered Agent
40 Technology Parkway South, Suite 300
Norcross, GA 30092
(Name and Address of Person Served)

**PERSONAL**
I have this day served the Defendant _____ personally with
a true copy of the within petition and summons.
This ___ day of ___ 20 ___  _____, Deputy Sheriff

**RESIDENTIAL**
I have this day served the Defendant _____ with a true copy
of the within petition and summons by serving same upon
a person Sui Juris residing on the premises.
This ___ day of ___ 20 ___  _____, Deputy Sheriff

**CORPORATE**
I have this day served the Defendant Weyerhaeuser NR Company, a corporation,
with a true copy of the within petition and summons by handing the same in person to
Alisha Smith, an officer of said corporation.
This 27 day of Nov 20 17  Denyse 90843, Deputy Sheriff

**TACKED AND MAILED**
I have this day executed the within Affidavit and Summons by tacking a copy of the within process on
the door of the premises designated in said action and also by depositing a true copy thereof in the United
States mail in an envelope properly addressed to Defendant at his last known address with sufficient postage affixed.
This ___ day of ___ 20 ___  _____, Deputy Sheriff

**GARNISHEE**
I have this day at the hour of _____ served the Summons of Garnishment upon
_____ by handing the original of same to
in person, he/she being _____ and agent in charge of ___
at the time of service in Chatham County.
This ___ day of ___ 20 ___  _____, Deputy Sheriff

**MAILED**
This is to certify that I have this day served the Defendant _____
with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail,
in an envelope properly addressed to Defendant at his last known address as shown in said Affidavit,
with adequate postage affixed thereon.
This ___ day of ___ 20 ___  _____, Deputy Sheriff

**DILIGENT SEARCH**
Diligent search made and Defendant is not to be found in the jurisdiction of this
court _____
This ___ day of ___ 20 ___.  _____, Deputy Sheriff

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

RECEIVED FOR FILING
~~COURT CLERK~~
CHATHAM CO  GA.

2017 DEC -5  P 12: 56

*Brian K. Hart*

CLERK OF COURT

WARREN HOPKINS,                          )
                                         )
            Plaintiff,                   )
                                         )
v.                                       )     Civil Action No.: STCV1700300
                                         )
WEYERHAEUSER NR COMPANY and )
TURNER INDUSTRIES GROUP, LLC,  )
                                         )
            Defendants.                  )

---

## NOTICE OF FILING

COMES NOW, Warren Hopkins, Plaintiff in the above-styled action, by and through counsel, and hereby files the following:

- **Sheriff's Entry of Service – Weyerhaeuser NR Company**

- **Sheriff's Entry of Service – Turner Industries Group, LLC**

This 5th day of December, 2017.

Jeremy S. McKenzie
Georgia Bar No. 436655
Nicholas S. Evans
Georgia Bar No. 717367
*Attorneys for Plaintiff*

**KARSMAN, McKENZIE & HART**
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977 telephone
(912) 388-2503 facsimile

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Notice of

Filing upon all parties of record in the above-styled matter by placing the same in the United

States First Class Mail with adequate postage addressed to:

Weyerhaeuser NR Company
c/o Corporation Service Company, Registered Agent
40 Technology Parkway South, Suite 300
Norcross, GA 30092

Turner Industries Group, LLC
c/o C T Corporation System, Registered Agent
289 S. Culver Street
Lawrenceville, GA 30046

This 5th day of December, 2017.

Jeremy S. McKenzie
Georgia Bar No. 436655
Nicholas S. Evans
Georgia Bar No. 717367
*Attorneys for Plaintiff*

KARSMAN, McKENZIE & HART
21 West Park Avenue
Savannah, Georgia 31401
(912) 335-4977 Telephone
(912) 388-2503 Facsimile

## IN THE STATE COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

WARREN HOPKINS,             )
                                )
      Plaintiff,              )
                                )
v.                             )    CIVIL ACTION NO.
                                )    STCV1700300
WEYERHAEUSER COMPANY and  )
TURNER INDUSTRIES GROUP, LLC  )
                                )
      Defendants.         )

### MOTION TO EXTEND DEADLINE TO ANSWER
### OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED COMPLAINT

COMES NOW Weyerhaeuser Company ("Weyerhaeuser"), by and through its undersigned counsel of record and respectfully files this motion to extend the deadline for Weyerhaeuser to answer or otherwise respond ("Motion") to Warren Hopkins' First Amended and Recast Complaint ("Plaintiff", together the "Parties") for the following reasons:

1.

On or around February 23, 2017, Plaintiff initiated the instant action by filing a complaint. On October 19, 2017, Plaintiff filed a motion for substitution of party seeking permission of the Court to add Weyerhaeuser as a defendant in the instant action. On November 7, 2017, the Court granted Plaintiff's request to substitute Weyerhaeuser as a party to the Complaint, naming Weyerhaeuser as a defendant.

2.

On November 20, 2017, Plaintiff filed his First Amended and Recast Complaint ("Amended Complaint"). In conjunction with the filing of the Amended Complaint, the Court

issued a Summons to Plaintiff on November 20, 2017, whereby requiring an answer or other responsive pleading to be filed on or before December 26, 2017.

3.

To permit Weyerhaeuser's counsel, who was just retained, sufficient time to explore the complicated issues alleged in this matter and to appropriately respond to same, the Parties have agreed to extend the current responsive pleading deadline. This Motion is filed for good cause, in good faith, and not for the purpose of delay.

4.

Counsel for Plaintiff does not oppose, and in fact consents to this request. Accordingly, Parties request an order extending the current response deadline through and including January 25, 2018 to permit Weyerhaeuser additional time to sufficiently review, investigate, and respond to Plaintiff's Amended Complaint. No party will be prejudiced as a result of the brief extension of time requested in this Motion.

**WHEREFORE,** Weyerhaeuser respectfully requests that this Court enter an order extending the deadline for Weyerhaeuser to answer or otherwise respond to Plaintiff's Amended Complaint through and including January 25, 2018, and any other relief the Court deems just and proper.

Respectfully submitted this 22nd day of December, 2017.

**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Fax 404-221-6501
gbarnes@bakerdonelson.com
mkvalheim@bakerdonelson.com

Gary A. Barnes
Georgia Bar No. 038575
Madeleine G. Kvalheim
Georgia Bar No. 131496

*Attorneys for Weyerhaeuser Company*

Page 2 of 3

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **MOTION TO EXTEND**

**DEADLINE TO ANSWER OR OTHERWISE RESPOND TO PLAINTIFF'S AMENDED**

**COMPLAINT** has been sent via United States Mail, postage pre-paid, in a properly addressed

envelope, to:

Jeremy S. McKenzie
Nicholas S. Evans
KARSMAN, MCKENZIE & HART
21 West Park Avenue
Savannah, GA 31401

*Counsel for Plaintiff*

This 22nd day of December, 2017.

Gary A. Barnes
Georgia Bar No. 038575

*Attorneys for Weyerhaeuser Company*

**BAKER, DONELSON, BEARMAN,**
**CALDWELL & BERKOWITZ, PC**
Suite 1600, Monarch Plaza
3414 Peachtree Rd. NE
Atlanta, Georgia 30326
Ph. 404-577-6000
Fax 404-221-6501
Email: gbarnes@bakerdonelson.com

Page 3 of 3
