IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| WARREN HOPKINS ) | |
| ) | |
| Plaintiff. ) | |
| ) | CIVIL ACTION NO: |
| vs. ) | 4:17-CV-255-JRH-GRS |
| ) | |
| WEYERHAEUSER NR COMPANY, and ) | |
| TURNER INDUSTRIES GROUP, LLC ) | |
| ) | |
| Defendants. ) | |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS the parties to this action believe that certain information that will be disclosed or may be sought in discovery constitutes trade secrets or other confidential financial or commercial information, including business process and strategy information;

Therefore, IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties, subject to approval of the Court, that the following Order shall govern the handling of photographs, documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given or exchanged by and among the parties and non-parties to this action (the "Litigation").

1. Any party about whom information or material has been or will be produced to any party in connection with this Litigation (a "Designating Party") may designate any material or information as "Confidential" under the terms of this Order if the Designating Party believes in good faith that such material or information is or contains non-public, confidential, proprietary, or

1

commercially or personally sensitive information that requires the protections provided in this Order ("CONFIDENTIAL MATERIAL").

2. Non-Parties who produce documents pursuant to this Order may move the Court for the protections provided by this Order, and upon showing good cause to the Court shall be entitled to enforce its terms, if they agree to be bound hereby.

3. The designation of CONFIDENTIAL MATERIAL shall be made in the following manner: (a) in the case of documents or other materials (apart from depositions or other pretrial testimony) by affixing the legend "Confidential – Subject to Protective Order" (hereinafter "Confidential") to each page containing any confidential material, provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and a Designating Party may so designate a document within 60 days after such document has been produced, with the effect that such document is then subject to the protections of this Order and the receiving party shall endeavor to retrieve any materials so designated, shall affix a "Confidential" designation to it and shall thereafter distribute it only as allowed by this Protective Order; (b) in the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure; or (ii) by written notice, sent by counsel to all parties within 20 days after receipt of the transcript of the deposition or other pretrial testimony, provided that only those portions of the transcripts designated as "Confidential" shall be deemed CONFIDENTIAL MATERIAL. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court; (c) in the case of photographs or videos depicting any part of any Defendant's facilities, such photographs and videos are subject to the protections of this Order and the receiving party shall

affix a "Confidential" designation to any storage media utilized and shall thereafter distribute it only as allowed by this Protective Order.

4. If any party contends any document has been erroneously designated as CONFIDENTIAL MATERIAL, then all parties shall nevertheless treat the document as CONFIDENTIAL MATERIAL according to the original designation, unless and until such party either (a) obtains the Designating Party's written permission to do otherwise, or (b) obtains an order of this Court finding the document is not CONFIDENTIAL MATERIAL. If the parties, and any non-parties who the Court has made part of this Protective Order, cannot agree as to the designation of any particular information or material, the receiving party, after requesting in writing that the producing party or other designating party eliminate the designation, may move the Court to eliminate the "Confidential" designation. The burden of proving that the information has been properly designated shall be on the producing party or on the party that made the designation.

5. CONFIDENTIAL MATERIAL may be disclosed, summarized, described, characterized or otherwise communicated or made available, in whole or in part, only to the following persons: (a) the parties to the Litigation (including present officers, directors and employees of the parties), counsel for the parties, and regular and temporary employees of such counsel necessary to assist in the conduct of the Litigation; (b) experts or consultants necessary to assist counsel for the parties in the conduct of this Litigation, provided that any such expert or consultant complies with Paragraph 7, below; (c) subject to the provisions of paragraph 6, below, witnesses or deponents (other than present directors, officers or employees of the parties), and their counsel, during the course of or, to the extent necessary, in preparation for depositions or testimony in this Litigation; (d) the Court, Court personnel, and similar personnel authorized by the Court or

Clerk to have access; and (e) any other person only upon order of the Court or upon stipulation of the party that produced the CONFIDENTIAL MATERIAL.

6.  During the course of this action, persons to whom CONFIDENTIAL MATERIAL and/or documents are made available under this Agreement, including any proposed experts, deponents or witnesses are bound by the restrictions contained herein. Before receiving any CONFIDENTIAL MATERIAL and/or documents covered by this Agreement, such persons shall be advised of the contents of this Agreement and must agree to be bound by it.

7.  Every person given access to CONFIDENTIAL MATERIAL or information contained therein shall be advised that the information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to the terms thereof. All persons listed in Paragraph 5(b), who are given access to CONFIDENTIAL MATERIAL or information contained therein, shall be required to confirm their understanding and agreement to abide by the terms of this Order.

8.  Material or information designated CONFIDENTIAL MATERIAL, or any material derived therefrom, may be used only in connection with this Litigation and specifically shall not be used or referred to, directly or indirectly (a) for any business or competitive purpose, (b) for publicity, (c) in any advertising, or (d) in any material disseminated to any individual or entity not authorized to receive such material under the terms hereof, except as set forth above and in this Protective Order. Each individual to whom the disclosure of any CONFIDENTIAL MATERIAL is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

9.  All documents which have been designated as "Confidential" and which are filed with the Court, shall be filed under seal in an envelope bearing the following designation:

## CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

10. This Order has no effect upon, and shall not apply to, the parties' use of their own CONFIDENTIAL MATERIAL for any purpose.

11. The provisions of this Order shall continue to be binding throughout and after the conclusion of the Litigation, including without limitation any appeals therefrom.

12. If any person receiving documents covered by this Order (the "Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this litigation, seeking material which was designated as "Confidential" by someone other than the Receiver, the Receiver shall give prompt actual written notice, by hand or facsimile transmission within five (5) days of receipt of such subpoena, demand or other legal process, to those who produced or designated the material "Confidential" and shall not produce the material so requested until ninety-six hours after giving such notice, unless required to do so by the subpoena, demand, or other legal process.

13. Entering into, agreeing to, and/or otherwise complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular document or information contains or reflects trade secrets or any other type of confidential information; (b) prejudice in any way a party's right to object to the production of documents; (c) prejudice in any way a party's right to object to the authenticity or admissibility into evidence of any documents, testimony, or other evidence; (d) prejudice in any way a party's right to seek a determination by the Court whether any material should be subject to the terms of this Order; or (e) prejudice in any way a

party's right to petition the Court for a further protective order relating to any purportedly confidential information.

14. All parties consent to this Stipulation and Protective Order being presented to the Court for the Court to enter it as its own Order.

15. Violation of this Order by any party, counsel, their employees and retained expert witnesses is subject to the full contempt powers and sanctions of the Court. All parties stipulate and agree to remain bound by the contents of this Stipulation and Protective Order until the conclusion of this case, including all appeals.

16. This Stipulation and Protective Order shall be subject to modification upon agreement of the parties or upon application of any party to the Court and for good cause shown.

RESPECTFULLY SUBMITTED, this ___ day of _____, 2018.

| | |
|---|---|
| BOUHAN FALLIGANT LLP<br>One West Park Ave.<br>Savannah, Georgia 31401<br>Post Office Box 2139<br>Savannah, GA 31402<br>Telephone: (912)232-7000<br>Facsimile: (912) 233-0811<br>tmbaiad@bouhan.com | BOUHAN FALLIGANT, LLP<br><br>By: _____<br>TODD M. BAIAD<br>Georgia Bar No. 031605 |
| ELLIS, PAINTER, RATTEREE & ADAMS, LLP<br>2 East Bryan Street<br>10th Floor<br>P.O. Box 9946 (31412)<br>Savannah, GA 31401<br>Telephone: 912-233-9700 | ELLIS, PAINTER, RATTEREE & ADAMS LLP<br><br>By: _____<br>EDWARD M. HUGHES<br>Georgia Bar No: 375650 |

| | |
|---|---|
| Facsimile: 912-233-2281<br>ehughes@epra-law.com | |
| KARSMAN, MCKENZIE<br>& HART<br>21 W. Park Avenue<br>Savannah, GA 31401<br>Telephone: 912-335-4977<br>Facsimile: 912-351-0085<br>jeremy@kmtrial.com | KARSMAN, MCKENZIE & HART<br><br>By: _____<br>JEREMY S. MCKENZIE<br>Georgia Bar No. 436655 |

IT IS SO ORDERED this 22nd day of February, 2018.

_____
Magistrate JUDGE